*784 THOMPSON, Presiding Judge,
dissenting.
As the main opinion notes, our standard of review of the trial court’s summary judgment requires that we view the evidence in the light most favorable to Shirley Hale as the nonmovant. See Hanners v. Balfour Guthrie, Inc., 564 So.2d 412, 413 (Ala.1990). I agree with the main opinion that, even under that view of the evidence, Hale failed to make out a genuine issue of material fact as to whether Kroger employees had constructive notice of the baby-food spill that caused Hale’s alleged slip-and-fall injuries. I disagree with the main opinion’s conclusion, however, that the evidence before the trial court, when viewed in the light most favorable to Hale, failed to establish a genuine issue of material fact as to whether Kroger employees had actual notice of the baby-food spill. Simply put, I believe that a jury presented with the evidence that was before the trial court could reasonably conclude that Kroger employees were aware of the baby-food spill before Hale slipped in it. Therefore, I must respectfully dissent.